# United States Court of Appeals for the Fifth Circuit

———————

No. 25-30383
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JARROD CARTER,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-22-1

———————————————————

Before WIENER, STEWART, and RICHMAN, *Circuit Judges*.

PER CURIAM:[*]

Jarrod Carter appeals his convictions for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Because he properly

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30383

preserved his as-applied and facial challenges, we review those claims de novo. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Carter's as-applied challenge fails as this court has upheld the application of § 922(g)(1) to disarm a felon previously convicted of a drug trafficking offense. *See United States v. Kimble*, 142 F.4th 308, 309, 317-18 (5th Cir. 2025), *cert. denied*, 2026 WL 135675 (U.S. Jan. 20, 2026) (No. 25-5747).

As to his facial challenge and his argument that § 922(g)(1) violates the Commerce Clause, Carter correctly concedes that those arguments are foreclosed by our precedent. *See Diaz*, 116 F.4th at 462, 471-72; *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Carter also argues for the first time on appeal that his separate convictions and sentences for both counts of the indictment violate the Double Jeopardy Clause. He fails to demonstrate plain error. *See United States v. Willis*, 76 F.4th 467, 474-75 (5th Cir. 2023).

Accordingly, the judgment of the district court is AFFIRMED.